UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:15-CR-00157-FDW-DCK

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| ALES SVAK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Compassionate Release. (Doc. No. 37.) The United States responded, (Doc. No. 43), Defendant did not timely reply, and this matter is ripe for ruling. For the reasons set forth below, Defendant's Motion is **DENIED**.

## I. BACKGROUND

From August of 2014 to October of 2014, Defendant Ales Svak viewed and saved hundreds of files containing child pornography. (Doc. No. 25, p. 4.) In September of 2014, an anonymous internet-user transmitted five files containing child pornography to an undercover federal law enforcement officer. The files came from an I.P. address registered to a residence in Charlotte. Officers executed a search warrant at the residence, which belonged to Defendant's stepfather. During the search, Defendant acknowledged receiving and saving child pornography, and officers uncovered several hundred images saved on Defendant's laptop and external hard drives. (Id.)

In June of 2015 the United States charged Defendant by Complaint with possession of child pornography. (Doc. No. 1.) Two weeks later, a grand jury indicted Defendant on three counts of transporting, receiving, and possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(1), (a)(2), and (a)(5)(B). (Doc. No. 5.) Defendant pled guilty to the indictment, and this Court sentenced him to 151 months imprisonment. (Doc. No. 29.)

1

In April of 2022, Defendant filed a *pro se* motion for compassionate release. (Doc. No. 37.) He asks this Court to reduce his sentence and release him from custody so he can return to the Czech Republic. Defendant is a citizen of the Czech Republic and was in the United States visiting his mother when he engaged in the conduct leading to his convictions in this case. Defendant asks this Court to reduce his sentence because the Bureau of Prisons (BOP) has assigned him to facilities that do not match his custody level, and because his health conditions place him at an increased risk of death or complications from COVID-19. Defendant has been vaccinated against COVID-19. He also reports that his mother moved back to the Czech Republic recently, is advancing in age, and requires his support. While in BOP custody, Defendant has received several sanctions for refusing to participate in programming and disobeying orders. (See Doc. No. 43-1.) As of June 16, 2023, he had served approximately 78% of his term of imprisonment. (Doc. No. 43, p. 2.)

## II. STANDARD OF REVIEW

Defendant's motion seeks a reduction in his sentence in this case under 18 U.S.C. § 3582(c)(1)(A). A defendant may seek a modification of his sentence from the court under § 3582(c)(1)(A) for "extraordinary and compelling reasons" if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." If a defendant has administratively exhausted a claim for release (or the Government does not contest the exhaustion requirement),[1] the district court generally conducts a two-step inquiry when deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A). United States v. Bond, 56 F.4th 381, 383 (4th Cir. 2023).

---

[1] United States v. Muhammad, 16 F.4th 126, 130 (4th Cir. 2021) (recognizing the exhaustion requirement in § 3582(c)(1)(A) is not jurisdictional, and it may be waived or forfeited).

2

First, the court determines whether the defendant is eligible for a sentence reduction. "A defendant is eligible if the court finds 'extraordinary and compelling reasons warrant such a reduction,'" id. (quoting § 3582(c)(1)(A)), and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). "[D]istrict courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise." United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (internal alterations and citations omitted). In 2023, the United States Sentencing Commission amended its policy statement to apply to defendant-filed motions for compassionate release, as permitted under the First Step Act of 2018, and expanded the list of circumstances sufficient to support such a motion under § 3582(c)(1)(A). See United States Sent'g Guidelines § 1B1.13. The amendments became effective on November 1, 2023. Id. They supersede much of the case law that developed over the past several years while there was no policy statement applicable to defendant-filed motions. See McCoy, 981 F.3d at 283. However, while drafting the new policy statement, the Sentencing Commission considered case law that developed after the enactment of the First Step Act in the absence of a binding policy statement. See United States Sent'g Guidelines Manual § 1B1.13 amend. 814 (Supp. to App. C 2023) (discussing Amendment 814 in light of the Supreme Court's decision in Concepcion v. United States, 142 S. Ct. 2389 (2022)). While Defendant filed his Motion before the amendment became effective, this Court will evaluate the Motion under the current policy statement.

"Second, the court considers 'the factors set forth in section 3553(a) to the extent that they are applicable.'" Bond, 56 F.4th at 384 (quoting 18 U.S.C. § 3582(c)(1)(A)) (citing Kibble, 992 F.3d 326, 331(4th Cir. 2021)). Section 3553(a) requires the court to "impose a sentence sufficient, but not greater than necessary" to comply with the basic aims of the statute. In considering whether

3

a reduced sentence is warranted given the applicable § 3553(a) factors, the court considers, among others: "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner;" the kinds of sentences available and sentencing ranges; and "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a). Notwithstanding the existence of "extraordinary and compelling reasons," the court retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) ("[I]f a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction.").

Defendant submitted a supplemental exhibit documenting the warden's denial of his motion for compassionate release (Doc. No. 38), and the Government does not contest that Defendant exhausted his administrative remedies. (Doc. No. 43). Thus, the Court's analysis turns to whether Defendant presents extraordinary and compelling reasons supporting his release or a sentence reduction in light of the applicable § 3553(a) factors.

### III. ANALYSIS

Defendant argues the following constitute "extraordinary and compelling" reasons for the Court to grant his motion for compassionate release: (1) BOP's housing determinations have placed him with "high-custody" inmates when he is a "low-custody" inmate; (2) his health conditions place him at increased risk of complications from COVID-19; and (3) his mother has moved back to the Czech Republic, is in her seventies, and needs his support because her only other son, Defendant's brother, passed away in 2014.

First, Defendant argues that his housing assignment with BOP constitutes an extraordinary and compelling reason supporting his release. Defendant is a low-custody inmate. (Doc. No. 37, p. 5.) In support of his motion, he argues that BOP cannot protect him because he has been housed with high-custody inmates facing life sentences at F.C.I. McKean. Defendant's argument is not well-taken. The BOP has the exclusive discretion to determine where to house a federal inmate. 18 U.S.C. § 3621(b). "Notwithstanding any other provision of law, a designation of place of imprisonment . . . is not reviewable by any court." Id. Other district courts addressing this issue in the absence of an applicable policy statement have concluded Defendant's argument is not cognizable under § 3582. See United States v. Mukherjee, 614 F. Supp. 3d 560, 570 (E.D. Mich. 2022) (concluding defendant's housing assignment could not constitute an extraordinary and compelling reason for release where the decision was entirely within the BOP's discretion). That statutory mandate is neither extraordinary nor compelling. And nothing in the Sentencing Commission's new policy statement addresses a defendant's housing assignment. See United States Sent'g Guideline § 1B1.13(b).

Further, the record indicates Defendant's argument concerning his housing assignment may be moot. After Defendant filed his motion for compassionate release, BOP relocated him. As of the date of this Order, Defendant is incarcerated as U.S.P. Lewisburg, a medium-security facility with a minimum-security satellite camp. See https://www.bop.gov/inmateloc/ (last visited Feb. 5, 2024). Defendant's transfer to medium-low security U.S.P. Lewisburg may well have mooted his concerns about his housing placement at F.C.I. McKean. For the foregoing reasons, Defendant's housing assignment does not present an extraordinary and compelling reason to support his release.

Second, Defendant argues that his deteriorating health, when coupled with the threat of the COVID-19 virus, constitutes an extraordinary and compelling reason to reduce his sentence.

5

Defendant has several health conditions, including lingering physical complications from a car accident, allergies, and chronic sinus infections. He has twice become infected with COVID-19 while in BOP custody. The policy statement now in effect authorizes the Court to find "extraordinary and compelling" reasons support release where a defendant is housed at a correctional facility "affected or at imminent risk of being affected by an ongoing outbreak of infectious disease" or public health emergency as declared by the appropriate authorities, personal health risk factors increase the defendant's "risk of suffering severe medical complications or death" as a result of the disease or public health crisis, and that risk "cannot be adequately mitigated in a timely manner." United States Sent'g Guidelines § 1B1.13(b)(1)(D). In May 2023, the federal government ended the national state of emergency to respond to COVID-19. National Emergencies Act, PL 118-3, April 10, 2023, 137 Stat. 6. And Defendant is not housed at a correctional facility "affected or at imminent risk of being affected" by an ongoing COVID-19 outbreak. U.S.P. Lewisburg currently reports zero active cases of COVID-19, with more than half the inmate population—including Defendant—being fully vaccinated against the virus. See https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited Feb. 5, 2024). On this record, Defendant's health and alleged susceptibility to COVID-19 do not present extraordinary and compelling reasons to reduce his sentence.

Third, Defendant argues that his parents' age and health constitute extraordinary and compelling reasons to reduce his sentence. Defendant's parents are in their seventies and reside in the Czech Republic. Defendant reports that they depend on others' help, but are separated from him because of his incarceration. (Doc. No. 37, p. 3.) Under the new policy statement, the "incapacitation of the defendant's parent where the defendant would be the only available caregiver for the parent" may constitute an extraordinary and compelling reason to reduce a

defendant's sentence. United States Sent'g Guidelines § 1B1.13(b)(3)(C). However, Defendant points to no evidence that his parents are incapacitated—only that they are aging. And while Defendant's brother tragically passed away, he has shown no evidence that he is his parents' only available caretaker. Defendant has been incarcerated for years and did not advise the Court as to who has been caring for his parents during this time, either in the United States or after they returned to the Czech Republic. Defendant has the burden to show the Court that he is the only available caregiver for his parents, and he has not done so. See, e.g., United States v. Richardson, No. 5:18-CR-507-IFL, 2020 WL 2200853, at *2 (E.D.N.C. May 6, 2020) (declining to grant compassionate release where the defendant presented no evidence that he was the only available caregiver to a minor child); United States v. Shovely, No. 7:15-CR-00105, 2021 WL 667906 (W.D. Va. Feb. 19, 2021) ("[Defendant]'s desire to care for his parents is admirable and [he] is their only child, but he has neither argued nor demonstrated that he is their 'only available caregiver' . . . ."). Accordingly, Defendant's desire to care for his parents does not qualify as an extraordinary and compelling circumstance justifying a reduction in his sentence.

Even if Defendant has shown extraordinary and compelling reasons support the relief he seeks, the § 3553(a) factors do not support a sentence reduction. The need to reflect the seriousness of the offense weighs against a sentence reduction. Defendant was convicted of three child pornography offenses, serious offenses that perpetuate harm to the victims and the community. Further, the Court imposed a life term of supervised release as part of Defendant's sentence. (Doc. No. 29, p. 3.) Upon his release from the Bureau of Prisons, Defendant, who is not a United States citizen, is likely to be returned to the Czech Republic and will serve little if any of his term of supervision. The history and characteristics of the Defendant similarly weigh against a sentence reduction. While in custody, Defendant has refused to participate in BOP programming on

numerous occasions. (Doc. No. 43-1.) And his motion for compassionate release demonstrates that he has not reckoned with the severity of his offense. He claims he "broke U.S. law without his knowledge because in his origin county the Czech Republic it's not classified as a crime." (Doc. No. 37, p. 3.) For the foregoing reasons, the § 3553(a) factors do not support a reduction of Defendant's sentence.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release, (Doc. No. 37), is **DENIED**.

**IT IS SO ORDERED.**

Signed: February 6, 2024

Frank D. Whitney
United States District Judge